IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAKE WILLIAMS | § | |
|     TDCJ-CID #719327 | § | |
| V. | § | C.A. NO. C-06-437 |
| | § | |
| WARDEN CASTRO, ET AL. | § | |

## ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS

Plaintiff, a Texas state prisoner currently incarcerated at the Clements Unit in Amarillo, Texas, filed his original complaint on October 2, 2006, alleging *inter alia*, excessive force and deliberate indifference claims against various officials and employees of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). (D.E. 1). In total, plaintiff named fourteen prison officials and/or officers as defendants, ten employed at the Connally Unit in Karnes County, Texas, and four employed at the McConnell Unit in Beeville, Texas.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.  See also Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. See 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986).

In this case, the adjudication of plaintiff's claims against the Connally Unit defendants with the McConnell Unit defendants would be inefficient. There is no common issue of fact. Moreover, the Connally Unit defendants would likely raise meritorious personal jurisdiction and venue

defenses; at the very least they would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, plaintiff's claims against the ten Connally Unit defendants are severed and transferred to the United States District Court for the Western District of Texas, San Antonio Division, (see 28 U.S.C. § 124(d)(4)), for screening pursuant to 28 U.S.C. § 1915A and all further proceedings.

ORDERED this 13th day of November 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE