IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAKE WILLIAMS § | | |
|    TDCJ-CID #719327 § | | |
| § | | |
| VS. § | | C.A. NO. C-06-437 |
| § | | |
| LIEUTENANT PENA, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's Eight Amendment claims alleging deliberate indifference to his serious medical needs against

Barbara Pena, Gray Nelson, Cynthia Heibel and S. Christensen be retained on the Court's docket and service ordered on these individuals. It is further respectfully recommended that, to the extent plaintiff has raised claims of excessive force and/or conspiracy, that those claims be dismissed with prejudice for failure to state a claim and as frivolous. To the extent plaintiff is suing any defendant in his or her official capacity for money damages, it is respectfully recommended that those claims be dismissed as barred by the Eleventh Amendment.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on October 2, 2006, and named the following McConnell Unit employees as defendants: Lieutenant Barbara Pena; Sergeant Gray Nelson; Cynthia Heibel, Nurse Practitioner; and S. Christensen, L.V.N. The following allegations were made in plaintiff's original complaint, (D.E. 1) and at the January 18, 2007, Spears[1] hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On September 29, 2005, at approximately 10:35 a.m. plaintiff was involved in a physical altercation with certain correctional officers at the Connally Unit in Kenedy, Karnes County, Texas.[2] Following the altercation, both of his eyes were badly swollen, his nose was bleeding, his face and neck were swollen, and his left leg was swollen. He had cuts to his head, neck, face, and body area. His vision was impaired. He was denied medical attention and placed in a holding cell. After approximately thirty minutes, he was placed on a chain van and transported to the McConnell Unit.

At the McConnell Unit, he was met by Lieutenant Pena, Sergeant Nelson, and a five-man use of force team with a video camera. He was escorted to medical for a "lock-up physical." Upon observing the extent of plaintiff's injuries, L.V.N. Christensen called for N.P. Heibel to assist in the evaluation. Both Christensen and Heibel wanted to administer medical treatment to plaintiff, including giving him an ice pack for his swollen eyes; however, Lieutenant Pena and Sergeant Nelson insisted that plaintiff was alright and urged them to just approve him for lock-up. Plaintiff was taken to a cell in administrative segregation without receiving any medical care.

Plaintiff filed a sick call request and was seen within 24 hours. During that time, he was in considerable pain. When he was finally treated, his wounds were cleaned and he was given pain medication, 500 mg. of Ibuprofen twice a day for 60 days. Plaintiff has essentially healed, although he continues to have some lasting vision problems.

---

[2] Those officers, and certain Connally Unit medical personnel, are the defendants in a a separate civil rights action pending in the United States District Court for the Western District of Texas, San Antonio Division.

### III.  DISCUSSION

**A.     Legal standard.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.     Deliberate indifference to serious medical needs.**

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  Farmer, 511 U.S. 825, 837 (1994).  Furthermore, negligent medical care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or

4

erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Taking his allegations as true, plaintiff has successfully alleged deliberate indifference claims against the named defendants. He states that both Nurse Christensen and N.P. Heibel indicated that he needed medical treatment and each intended to provide such treatment, but then relented to the pressures of the officers. Under this scenario, the nurses' inability to stand up for their patient could amount to deliberate indifference depending on the severity of the injuries.

As to Lieutenant Pena and Sergeant Nelson, their interference with the efforts of the medical personnel to provide care to plaintiff under these circumstances also could amount to deliberate indifference. Plaintiff testified that his injuries were obvious to the untrained eye and that he was complaining of pain. Moreover, both Heibel and Christensen indicated that he needed treatment. The facts suggest that Lieutenant Pena and Sergeant Nelson could have been aware of a risk to plaintiff's health and safety, but ignored that risk. Thus, it is

respectfully recommended that the Court retains plaintiff's deliberate indifference to serious medical needs claims against these defendants.

**C.     Excessive force and personal involvement.**

In his original complaint, plaintiff alleged that Lieutenant Pena and Sergeant Nelson participated in an assault and battery by attempting to "cover-up" the assault that occurred at the Connally Unit. At the Spears hearing, plaintiff explained that one of the officers involved in the altercation at the Connally Unit used to work at the McConnell Unit and was a friend of Pena and Nelson. He argued that this association made them participants in the alleged assault.

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Plaintiff has failed to allege facts to suggest a claim of excessive force against Lieutenant Pena or Sergeant Nelson. He states that these officers met his van with a use of force team and video and escorted him to medical. Although he claims they later interfered with his medical evaluation, there is no allegation of force. It is respectfully recommended that, to the extent plaintiff attempted to allege use of force claims against these two defendants, they be dismissed as frivolous and for failure to state a claim. 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1).

**D.     Conspiracy.**

Plaintiff claims that defendants acted in concert to cover-up the assault at the Connally Unit.

To allege a claim of conspiracy to deprive one of his constitutional rights, a plaintiff must allege, (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States.  Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994).  Where all of the defendants are members of the same collective entity, however, the conspiracy does not involve two or more people.  Hilliard, 30 F.3d at 653; see also Moody v. Jefferson Parish Sch. Bd., 803 F. Supp. 1158, 1166 (E.D.La.1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), aff'd, 2 F.3d 604 (5th Cir.1993); Hankins v. Dallas Indep. Sch. Dist., 698 F. Supp. 1323, 1330 (N.D. Tex. 1988) (high school and its officials constitute a single entity).

Plaintiff produces no facts, other than his personal belief, that there is a conspiracy, and such allegations fail to state a claim.  McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989)  (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983).  Moreover, all defendants are members of the same collective entity, such that plaintiff fails to state a conspiracy claim.  Hilliard, 30 F.3d at 653.

It is respectfully recommended that plaintiff's conspiracy claim be dismissed with prejudice for failure to state a claim and as frivolous. 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1).

**E.     Eleventh Amendment.**

Plaintiff has sued defendants in their official and individual capacities. He seeks both injunctive relief and monetary damages. (See D.E. 1at 21-22).

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past. Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and it is respectfully recommended that those claims be dismissed with prejudiced as barred.

## IV. RECOMMENDATION

Based on the above, it is respectfully recommended that:

(1) Plaintiff's claims of deliberate indifference to his serious medical needs against Lieutenant Pena, Sergeant Nelson, N.P. Heibel, and L.V.N. Christensen in their individual capacities be retained on the Court's docket and service ordered on these defendants;

(2) Plaintiff's claims for money damages against defendants in their official capacities be dismissed with prejudice as barred by the eleventh amendment; and

(3) Plaintiff's excessive force and conspiracy claims be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 19th day of January, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).