UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAKE WILLIAMS,<br>　　　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil No. CC-06-437 |
| CASTRO, ET AL.,<br>　　　　Defendants | §<br>§<br>§ | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On November 7, 2007, the United States Magistrate Judge filed a memorandum recommending the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claims for failure to exhaust administrative remedies, and in the alternative, on the grounds of qualified immunity (D.E. 46). Plaintiff filed objections (D.E. 50).

Plaintiff claims he was the victim of excessive force while incarcerated at the Connally Unit in Kenedy, Texas.[1] Plaintiff had a physical altercation with a correctional officer, and a chemical agent was used to subdue him. Plaintiff was subsequently transferred to the McConnell Unit in Beeville, Texas, where he claims the medical personnel were deliberately indifferent to his serious medical needs. Defendants argue Plaintiff did not exhaust his deliberate indifference claims. They claim he did not comply with the Texas prison system's formal grievance procedure.

---

[1] On December 17, 2007, the Court dismissed Plaintiff's excessive force and conspiracy claims (D.E. 49).

1

The Prison Litigation Reform Act ("PLRA") requires that a prisoner properly exhaust his administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006). This means a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to filing suit in federal district court under 42 U.S.C. §1983. *Id.* at 2385-86.

The Texas prison system has a two-step formal grievance process. A prisoner must pursue a grievance through both steps for it to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Step 1 requires the prisoner to submit a grievance at the institutional level. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (citing TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 1), Policy ¶ IV (Jan. 31, 1997)). This must be filed within fifteen days of the complained-of incident. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for step 1 of the process. *Id.* A response to the step 1 grievance is due within forty days after receipt of the grievance. *Id.* The prisoner has 10 days to appeal, which is step 2. *Id.* The departmental grievance investigator conducts an investigation and makes a recommendation to the final decision maker for step 2. *Id.* A response to the step 2 grievance is due within forty days after receipt of the appeal. *Id.*

The PLRA does not say how specific a prisoner's administrative grievances must be. In deciding how much detail is required in a given case, a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 516 (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). A grievance should be considered sufficient to the extent the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *Johnson*, 385 F.3d at 517. The amount of information necessary depends to some degree on the type of problem about which the inmate is complaining. *Id*. For example, if an inmate claims a guard acted improperly, the administrators responding to the grievance would want to know details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter. *Id*. TDCJ rules specifically instruct inmates to provide facts in their grievances, not legal terminology. *Id*. at 518.

In this case, Plaintiff filed three separate grievances. On September 30, 2005, Plaintiff filed a step 1 Grievance No. 2006021129 ("first complaint"), in which he complains that he was was beaten at the Connally Unit by three officers using night sticks. He writes,

> "...I was then taken to the Deep space and beaten by Lt. Smith, Capt. Hinkle and a host of other officers which lead to major injury that are trying to be covered up by the Medical Dept. on the Connally Unit and the McConnell Unit."

Plaintiff's grievance was denied on November 10, 2005. Plaintiff did not file a step 2 grievance.

3

On October 3, 2005, Plaintiff filed a step 1 Grievance No. 2006019964 ("second complaint"), complaining that his personal property had not been transferred from the Connally Unit to the McConnell Unit. There is no response to this grievance, and a step 2 grievance was not filed.

On November 15, 2006, Plaintiff filed a step 1 Grievance No. 2006047466 ("third complaint"), complaining his life was in danger at the McConnell Unit because of threats from white gang members. The Unit Classification Committee denied Plaintiff's request for a unit transfer but granted his request that he not be housed with certain gang members. He was placed in administrative segregation. Plaintiff filed a step 2 grievance requesting a unit transfer, and his appeal was denied.

It is clear that Plaintiff's second and third complaints do not assert claims of deliberate indifference or allege that Plaintiff was denied medical attention at the McConnell Unit. The real dispute between the parties concerns the first complaint, grievance no. 2006021129.

Defendants make two arguments: (1) this complaint does not provide sufficient detail to support exhaustion of Plaintiff's deliberate indifference claims, and (2) Plaintiff did not file a step 2 grievance concerning these claims. Plaintiff argues the alleged cover-up of the use of force alleged in his grievance necessarily includes the denial of medical care. He also argues the exhaustion requirement should be excused because Defendants failed to process grievances he filed with the Connally Unit. He claims the Connally Unit grievance office has not responded to the grievances he filed concerning his use of force complaint.

4

The Court finds Plaintiff has failed to exhaust his administrative remedies and there are no grounds to excuse exhaustion. None of Plaintiff's grievances assert claims of deliberate indifference or allege that he was denied medical attention at the Connally or McConnell units. Plaintiff complains that the medical departments at each unit are trying to cover up his allegedly being beaten. Plaintiff does not allege that specific individuals denied him medical care. In fact, his grievances do not mention medical care at all.

Even though Plaintiff need not present a legal theory in his grievances, he must alert prison officials to a problem and give them an opportunity to address it. Plaintiff's grievance gave notice that a beating was being covered up by the unit's respective medical departments. Plaintiff's grievances cannot be read to give notice that he was being denied medical care. Even if Plaintiff did not receive a response to his step 1 grievance concerning use of force, as he alleges, the fact remains that he did not provide the necessary detail in his grievance to exhaust his deliberate indifference claims against Defendants.

Defendants argue in the alternative that Plaintiff's claims should be dismissed because they are entitled to qualified immunity. The Magistrate Judge recommends the Court find so. The basis for her recommendation is that Plaintiff cannot establish the violation of a constitutional right.

Plaintiff makes several objections to the Magistrate Judge's recommendation. First, he claims that he did in fact file step 1 and step 2 grievances, but he does not specify the subject matter of those grievances. Second, he claims he could not address all of his

complaints in a step 1 grievance because the form provides limited space, and he did not have a pen or paper for one month. Third, Plaintiff claims that several months ago he filed a motion to have an attorney appointed who could help gather evidence of his deliberate indifference claim. Lastly, Plaintiff asks the Court to review a video tape of Plaintiff receiving medical treatment at the McConnell Unit.

The Court finds Plaintiff's objections are conclusory and do not present any new legal or factual arguments to the Court. His objections express nothing more than his disagreement with the Magistrate Judge's recommendation and his frustration with the medical care he is receiving. None of Plaintiff's objections respond to the Magistrate Judge's findings concerning qualified immunity. The Court regards such omission as Plaintiff's agreement with and acceptance of the Magistrate Judge's findings on this issue.

The Court finds no error in the Magistrate Judge's memorandum. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1420 (5th Cir. 1996)). The Court adopts the findings and conclusions of the Magistrate Judge.

Defendants' motion for summary judgment is GRANTED (D.E. 42). Plaintiff's deliberate indifference claims are DISMISSED with prejudice.

ORDERED this _18_ day of _Feb_, 2008.

HAYDEN HEAD
CHIEF JUDGE